FILED
2016 Jan-14 AM 10:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | |
|---|---|
| **THURMAN HARVILL,** | ) |
| **Claimant,** | ) |
| vs. | ) Case No. 6:15-CV-399-CLS |
| **CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,** | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Claimant, Thurman Harvill, commenced this action on March 8, 2015, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ erred by failing to find that he would require the ability to alternate between sitting and standing at will during an eight-hour work day. If the ALJ did make such an error, it would have been significant, because the vocational expert testified during the administrative hearing that if a hypothetical individual with the claimant's limitations also required a sit-stand option at work, he would be unable to perform the jobs identified.[1] The problem is that there simply is no evidence, other than claimant's own subjective, self-serving testimony, that claimant would require a sit-stand option. The ALJ articulated adequate reasons, well-supported by the administrative record, for finding claimant's testimony to be less than fully credible,[2] and claimant has not challenged the credibility finding on appeal. Absent any actual medical evidence to support the need for a sit-stand option, the ALJ did not err by failing to include that limitation in her residual functional capacity finding.

Consistent with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

---

[1] Tr. 78.

[2] *See* Tr. 29-33.

DONE this 14th day of January, 2016.

_____
United States District Judge